# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TALI ARIK, M.D.,

    Plaintiff(s),

v.

HOWARD MEYERS, ESQ., et al.,

    Defendant(s).

Case No.: 2:19-cv-01908-JAD-NJK

**Order**

[Docket No. 23]

Pending before the Court is a motion to stay discovery filed by Defendants James Hienton and Ridenour Hienton, PLLC. Docket No. 23. A joinder was filed by Defendants Howard Meyers and Meyers Law, PLLC. Docket No. 29. Plaintiff filed responses to the motion and to the joinder. Docket Nos. 30, 31. Defendants James Hienton and Ridenour Hienton, PLLC filed a reply. Docket No. 33. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to stay discovery is hereby **GRANTED**.

**I.    BACKGROUND**

This case involves a fee dispute arising out of a separate *qui tam* action filed in this District. Defendants James Hienton and Ridenour Hienton, PLLC filed a motion to dismiss, on both personal jurisdiction and substantive pleading grounds, as well as a motion to compel arbitration. Docket No. 11. Those motions have now been fully briefed. *See* Docket Nos. 20, 32. Defendants Howard Meyers and Meyers Law, PLLC filed their own motion to dismiss, on both personal

1

jurisdiction and substantive pleading grounds, as well as a motion to compel arbitration. *See* Docket Nos. 13, 14. Those motions have now been fully briefed. Docket Nos. 21, 36-37.

The instant motion to stay discovery was then filed and seeks to stay discovery pending resolution of the above motion practice. This discovery issue is the matter currently before the Court. Because the issues related to the motions to compel arbitration suffice to stay discovery, the Court only addresses that component of the instant dispute.

**II.     STANDARDS**

District courts enjoy wide discretion in controlling discovery, including in determining whether discovery should be stayed. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The movant bears the burden of showing that a stay of discovery is warranted. *See, e.g.*, *Shaughnessy v. Credit Acceptance Corp. of Nev.*, 2007 WL 9728688, at *2 (D. Nev. Nov. 28, 2007) A stay of discovery pending resolution of a motion to compel arbitration is appropriate when: (1) the pending motion is potentially dispositive; (2) the motion to compel arbitration can be decided without additional discovery; and (3) a magistrate judge has taken a "preliminary peek" at the underlying motion. *Cf. Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. 2013). When the pending motion is one seeking to compel arbitration, a stay is appropriate when the preliminary peek reveals that there is a reasonable possibility or probability that the district judge will compel arbitration. *See Shaughnessy*, 2007 WL 9728688, at *2-3 (granting motion to stay discovery based on, *inter alia*, the "reasonable possibility or probability that the District Judge will grant Defendant's motion to compel arbitration"). Courts frequently stay discovery pending resolution of a motion to compel arbitration. *See, e.g.*, *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases).

**III.    ANALYSIS**

Applying the framework outlined above, the Court finds that a stay of discovery is appropriate in this case.

    A.     <u>Dispositive Nature of Motion to Compel Arbitration</u>

As a threshold matter, Plaintiff argues that "the very same discovery . . . will be conducted" in arbitral proceedings in the event the motions to compel are granted, such that the pending

2

motions are not actually dispositive in nature. *See* Resp. at 5-6. The Court disagrees. When a case is transferred from one court to another court, that underlying motion is not dispositive in nature because the proceedings will continue in another judicial forum subject to the same governing rules. *See Kor Media*, 294 F.R.D. at 582 (addressing a motion to transfer brought pursuant to 28 U.S.C. § 1404(a)). On the other hand, arbitral proceedings are different by design from judicial proceedings. "If the Court upholds the arbitration agreement, not only will Plaintiff be required to arbitrate her claims against Defendants, but the discovery that will be allowed in such proceedings will be significantly restricted in comparison to the discovery that is permitted in a civil action governed by the Federal Rules of Civil Procedure." *Shaughnessy*, 2007 WL 9728688, at *3. Hence, granting a motion to compel arbitration does not simply change the forum for resolution of a dispute, it changes the nature and process of that resolution. Potentially depriving a party of the ability to litigate in a court renders a motion to compel arbitration dispositive for purposes of determining whether to stay discovery. *Cf. Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013). As such, the motion to compel arbitration is potentially dispositive in effect.

### B.  Ability to Decide Motion to Compel Arbitration Without Discovery

The parties next dispute whether discovery is necessary to resolve the motion to compel. In a single sentence, Plaintiff argues that discovery is necessary with respect to several aspects of the motion, including Plaintiff's current position that he did not sign the arbitration agreement. *See* Resp. at 6. In addition to not being fully developed, the problem with this argument is that Plaintiff filed a complaint signed under the penalties of Rule 11 of the Federal Rules of Civil Procedure representing specifically that he in fact "recalls signing the Fee and Cost Division Agreement [that contains the arbitration agreement] and returning it to Defendant Meyers." Compl. (Docket No. 1) at ¶ 34; *see also* Docket No. 14 at 18 (motion to compel relying on this admission). Given that "[a]llegations in a complaint are considered judicial admissions," *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008), it does not appear that any discovery on

this issue is necessary.[1]  As such, the motion to compel arbitration can be decided without discovery.

### C. Preliminary Peek at the Motion to Compel Arbitration

The Court next turns to its preliminary evaluation of the merits of the motions to compel arbitration. As noted above, the preliminary peek supports a stay of discovery when there is a reasonable possibility or probability that the district judge will grant the motion to compel arbitration.[2] Here, Defendants have identified an arbitration agreement within the Fee and Cost Division Agreement that pertains to any disputes arising in connection with that agreement. *See, e.g.*, Docket No. 11 at 18-19; Docket No. 14 at 19. Despite the facial applicability of that provision, Plaintiff argues that arbitration should not be compelled because the agreement is not enforceable in that he did not sign it, it is not supported by consideration, it violates attorney rules of professional conduct, it is unconscionable, and it violates N.R.S. 497.995. *See, e.g.*, Docket No. 20 at 20-24. Not surprisingly, Defendants argue that Plaintiff's arguments lack merit. *See, e.g.*, Docket No. 32 at 9-10; Docket No. 37 at 12-13. It remains to be seen whether the district judge will be persuaded by Plaintiff's arguments. Nonetheless, the undersigned finds that there is a reasonable possibility or probability that the district judge will grant the motion to compel arbitration.

## IV. CONCLUSION

For the reasons discussed in more detail above, the Court **GRANTS** the motion to stay discovery pending resolution of Defendants' motions to compel arbitration. In the event those motions are denied, then either (1) Defendants must file renewed motions to stay discovery on other grounds within 14 days of the issuance of the order(s) resolving those motions or (2) the

---

[1] The Court is also persuaded that discovery is not otherwise required for the resolution of the motion to compel.

[2] Conducting the preliminary peek puts a magistrate judge in an awkward position because the assigned district judge who will decide the motion to compel arbitration may have a different view of its merits. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motions to compel arbitration.

4

parties must file a proposed discovery plan within 21 days of the issuance of the order(s) resolving those motions.

IT IS SO ORDERED.

Dated: January 31, 2020

_____
Nancy J. Koppe
United States Magistrate Judge