**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Tali Arik, | Case No.: 2:19-cv-01908-JAD-NJK |
| Plaintiff | |
| v. | **Order Denying Motions to Dismiss, to Compel Arbitration, and for Summary Judgment** |
| Howard Meyers, et al., | [ECF Nos. 13, 14, 25] |
| Defendants | |

Defendants Howard Meyers, his law firm Meyers Law (collectively, Meyers), James Hienton, and his law firm Ridenhour Hienton (collectively, Hienton) represented plaintiff Dr. Tali Arik in a qui tam action under the False Claims Act. After the United States intervened and settled with the defendants in that case, Arik received a substantial recovery, that included statutory attorneys' fees and costs. Meyers, Hienton, and Arik originally agreed to split both the recovery and the attorneys' fees and costs. But, after the settlement, Meyers and Hienton approached Arik with a new agreement assigning them nearly the entirety of the statutory attorneys' fees and costs.

Arik engaged new counsel, settled the attorneys' fees issue with the qui tam defendants, and now alleges that Meyers and Hienton's actions violated numerous ethical obligations. Meyers and Hienton sued for the attorneys' fees in the United States District Court for the District of Arizona, where a petition to compel arbitration remains pending. Arik filed this suit for a declaratory judgment and asserting claims of breach of fiduciary duty, breach of contract and the breach of the covenant of good faith and fair dealing, fraud, civil conspiracy, intentional infliction of emotional distress, and attorneys' fees.

Meyers moves to dismiss Arik's complaint for lack of personal jurisdiction and for failure to plead fraud with particularity.  He alternatively moves to compel arbitration.  In turn, Arik moves for partial summary judgment, arguing that a forfeiture of all attorneys' fees is warranted.  Meyers opposes the summary-judgment motion and raises a Federal Rule of Civil Procedure 56(d) request for further discovery.

I deny the motion to dismiss for lack of personal jurisdiction because the fee dispute arises from Meyers's representation of Arik in this state.  I deny the motion to dismiss for failure to plead fraud with particularity because the complaint includes sufficient allegations.  I deny the motion to compel arbitration because Mayers presents no evidence that Arik signed the agreement containing the arbitration clause.  And I grant Meyers's 56(d) request and deny Arik's motion for summary judgment because no discovery has been conducted in this case and further factual development is necessary to address Arik's forfeiture claim.

## Background[1]

In January 2014, Arik entered into a contingency fee agreement with Meyers's prior law firm Ridenour, Hienton & Lewis (RHL) to represent him in a qui tam action.[2]  The agreement provided that Arik would pay the firm "from the proceeds of recovery, 40% of the gross recovery."[3]  After filing the action, Meyers left RHL to form his own law firm and entered into a new agreement with Arik.[4]  Under the new agreement, Arik and Meyers agreed "that the terms upon which [Meyers] is to be engaged shall be upon the very same terms that [Arik] retained

---

[1] The following is a summary of Arik's factual allegations and the evidence attached to the party's briefs and should not be construed as findings of fact.

[2] ECF No. 1 at ¶ 16.

[3] *Id.* at ¶ 17.

[4] *Id.* at ¶¶ 18–19.

RHL as set forth in the" prior agreement.[5]   Arik and Meyers also agreed to equally divide litigation costs, and that Arik would "have no liability in excess of forty percent . . . of the gross recovery from the litigation . . . to the attorney in connection" with the suit.[6]

Meyers filed the qui tam action in this court in July 2014.[7]   As part of his application for pro hac vice admission, Meyers "consent[ed] to the jurisdiction of the courts and disciplinary board of the State of Nevada with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada."[8]   The United States soon intervened, however, and later settled with the qui tam defendants.[9]   Arik received a significant sum of money from that settlement, which also entitled him to recover attorneys' fees and costs under the False Claims Act.[10]

As they worked on a settlement of the attorneys' fees and costs claim with the qui tam defendants, Meyers and Hienton sent Arik a proposed "Fees and Cost Division Agreement."[11] The agreement "assign[ed] the economic rights in and to the [statutory fee award] to [Meyers and Hienton] subject . . . to any rights of subrogation of [Arik] for costs and expenses previously paid by [Arik] . . . ."[12]   The agreement also contained an arbitration provision.[13]   In an email pressing Arik to sign, Meyers stated that the fees-and-costs agreement would allow Arik to

---

[5] *Id.* at ¶ 20.

[6] *Id.* at ¶ 21.

[7] *Id.* at ¶ 18.

[8] ECF No. 21-2 at 4.

[9] ECF No. 1 at ¶ 24–25.

[10] ECF No. 21-1 at ¶ 13.

[11] *Id.* at ¶ 15.

[12] ECF No. 21-2 at 13.

[13] *Id.*

recover the fees and costs he had paid and would pay.[14]  Meyers did not disclose that the

arrangement would result in Arik receiving 14% of the fees and costs, rather than the 60%

provided by the original agreements.[15]  Nor did Meyers disclose that Arik had the right to confer

with independent counsel.[16]

In his unverified complaint, Arik alleges that he "recalls signing" the fees-and-costs

agreement.[17]  Arik now declares, however, that he did not sign the agreement.[18]  One month after

sending the agreement, as the parties grew hostile, Meyers's secretary admitted in an email that

"[w]e never did receive the signed fee agreement from you."[19]  And although Meyers and

Hienton's signatures appear on the agreement, Arik's does not.[20]

Arik retained independent counsel, who soon emailed Meyers and Hienton with his

concerns about the agreement.[21]  Meyers then waived his right to attorneys' fees and emailed

Arik a lengthy apology.[22]  A week later, the qui tam defendants wired funds settling the fees and

costs claim directly to Arik's account.[23]  The next month, however, Meyers and Hienton sued

Arik for their share of the attorneys' fees and costs in the United States Court for the District of

---

[14] ECF No. 1 at ¶¶ 30–31.

[15] *Id.* at ¶¶ 31, 42.

[16] *Id.* at ¶ 42.

[17] *Id.* at ¶ 34.

[18] ECF No. 21-1 at ¶ 35.

[19] ECF No. 21-2 at 19.

[20] *Id.* at 14.

[21] ECF No. 1 at ¶¶ 59–60.

[22] *Id.* at ¶¶ 63–65.

[23] *Id.* at ¶ 69.

Arizona.[24]  Arik filed this suit seeking a declaratory judgment and asserting various claims.[25]
Meyers moves to dismiss for lack of personal jurisdiction and failure to plead fraud with
particularity and alternatively moves to compel arbitration.[26]  Arik moves for partial summary
judgment.[27]

## Discussion

### I.   Meyers's motion to dismiss [ECF No. 13]

#### A.   Personal jurisdiction

Meyers argues that he is not subject to personal jurisdiction in Nevada.  Arik responds
that Meyers is subject to this court's jurisdiction under a number of theories (not all of which
relate to personal jurisdiction), including general jurisdiction, specific jurisdiction, consent,
ancillary jurisdiction, the Declaratory Judgment Act, and in rem jurisdiction.  Because I can
exercise specific jurisdiction over Meyers on Arik's claims, I address only that theory.

The Fourteenth Amendment's Due Process Clause limits a court's power to bind a
nonresident defendant to a judgment in the state in which it sits.[28]  "Although a nonresident's
physical presence within the territorial jurisdiction of the court is not required," for a court to
exercise personal jurisdiction, "the nonresident generally must have 'certain minimum contacts
such that the maintenance of the suit does not offend 'traditional notions of fair play and

---

[24] ECF No. 21-1 at ¶ 68.

[25] ECF No. 1.

[26] ECF Nos. 13; 14.

[27] ECF No. 25.

[28] *Walden v. Fiore*, 571 U.S. 277, 283 (2014).  Because Nevada's long-arm statute grants courts jurisdiction over persons "on any basis not inconsistent with" the U.S. Constitution, the jurisdictional analyses under state law and federal due process are identical.  *See id.*; Nev. Rev. Stat. § 14.065.

1   substantial justice.'"[29]  "There are two forms of personal jurisdiction that a forum state may

2   exercise over a nonresident defendant—general jurisdiction and specific jurisdiction."[30]  Because

3   I find that Meyers is subject to specific jurisdiction in Nevada, I apply only a specific-jurisdiction

4   analysis.

5       Specific jurisdiction depends on an "activity or an occurrence that takes place in [or is

6   purposely directed at] the forum State and is therefore subject to the State's regulation."[31]  "In

7   contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of

8   'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'"[32]

9   Courts in the Ninth Circuit apply a three-prong test to determine whether specific jurisdiction

10  over a defendant exists: (1) the defendant "must have performed some act or consummated some

11  transaction with the forum by which it purposefully availed itself of the privilege of conducting

12  business" in the forum state; (2) the plaintiff's claims "must arise out of or result from [those]

13  forum-related activities; and (3) the exercise of jurisdiction must be reasonable."[33]

14      When a defendant moves to dismiss for lack of personal jurisdiction on the basis of

15  written materials rather than an evidentiary hearing, the court must determine whether the

16  plaintiff's "pleadings and affidavits make a prima facie showing of personal jurisdiction."[34]  The

17  plaintiff bears the burden of satisfying the first two prongs of the specific-jurisdiction test.[35]  In

18

---

19  [29] *Walden*, 571 U.S. at 283 (ellipses omitted) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

20  [30] *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

21  [31] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

    [32] *Id.* (internal citations and quotations omitted).

22  [33] *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

23  [34] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

    [35] *Id.* at 802.

deciding whether a plaintiff has met his burden, the court must accept as true the uncontroverted allegations in his complaint.[36] "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor."[37] If the plaintiff meets his burden, "the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable."[38]

### 1. *Purposeful availment*

The term "purposeful availment" describes two distinct analyses: purposeful availment and purposeful direction.[39] "A purposeful availment analysis is most often used in suits sounding in contract."[40] "Purposeful availment requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state."[41] "This requirement ensures that a defendant 'will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person.'"[42]

I apply a purposeful-availment analysis because Arik's claims sound in contract. Meyers's jurisdictional consent in his pro hac vice application may have been limited to "the law of this state governing the conduct of attorneys[,]"[43] but the very fact of his pro hac vice admission in the litigation underlying this fee dispute shows that he engaged in "affirmative

---

[36] *Id.* at 800 (quotations omitted).

[37] *Id.*

[38] *Id.* at 802 (quotations omitted).

[39] *Id.*

[40] *Id.*

[41] *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997) (quotation omitted).

[42] *Id.* (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

[43] ECF No. 21-2 at 4.

1   conduct . . . promoting the transaction of business within the forum state."[44]   The cases Meyers

2   cites are distinguishable because they involve either (1) out-of-state representation of forum

3   residents[45] or (2) in-state representation under temporary authorization to practice law on

4   unrelated matters, which is a jurisdictionally irrelevant contact.[46]   By agreeing to represent a

5   Nevada resident in litigation in Nevada, and seeking pro hac vice admission in Nevada to

6   perform the services for that suit, Meyers purposefully availed himself of this state's benefits and

7   protections.  So Arik has established purposeful availment.

8       *2.   Relation between contacts and claim*

9      A plaintiff must plead facts showing that he would not have suffered an injury "but for"

10   the defendant's activities in Nevada.[47]   Meyers seemingly confuses but-for causation with

11   proximate causation, arguing that Arik's alleged agreement to the fees-and-costs agreement

12   providing for arbitration in Arizona under Arizona law means that Meyer's Nevada contacts are

13   not a but-for cause of Arik's injuries.[48]   Meyers is mistaken.  But for Meyers's representation of

14   Arik in Nevada, there wouldn't have been a possibility of statutory attorneys' fees and the

15   subsequent dispute over how to split them.  So Arik has established this element.

16       *3.   Reasonableness*

17      Because Arik has "shown that the exercise of personal jurisdiction satisfies the first two

18   prongs of the personal jurisdiction test, the burden shifts to [Meyers] to make a 'compelling case'

19

20   [44] *Doe*, 112 F.3d at 1051.

21   [45] *Sher v. Johnson*, 911 F.2d 1357, 1363 (9th Cir. 1990); *Sawtelle v. Farrell*, 70 F.3d 1381, 1392 (1st Cir. 1995); *Austad Co. v. Pennie & Edmonds*, 823 F.2d 223, 226 (8th Cir. 1987).

22   [46] *Nevada Trading Co., LLC v. Karpel*, No. 75317-COA, 2019 WL 6974768, at *1 (Nev. App. Dec. 18, 2019).

23   [47] *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007).

[48] ECF No. 13 at 14.

that the exercise of jurisdiction would be unreasonable."[49]  Courts "consider[] the following seven factors in determining whether the exercise of jurisdiction would be reasonable: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum."[50]  "[T]he burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of [the] other relevant factors.[51]

Having considered the factors, I find that Meyers has not made a compelling case to show that the exercise of jurisdiction would be unreasonable.  Because Meyers agreed to represent Arik in litigation in Nevada, it is reasonable to litigate a fee dispute arising out of that litigation here, too.  And Meyers has not shown that litigating this case in Nevada—which neighbors his home state of Arizona—would be burdensome.  So Meyers does not satisfy his burden on the third element of the personal-jurisdiction test.  And because all three factors support the exercise of specific personal jurisdiction over Meyers in Nevada, I deny Meyers's motion to dismiss for lack of personal jurisdiction.

---

[49] *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 745 (9th Cir. 2013) (quoting *Burger King*, 471 U.S. at 476–77).

[50] *Id.*

[51] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

**B.      Failure to plead fraud with particularity**

Federal Rule of Civil Procedure 9(b) requires that the complaint "state with particularity the circumstances constituting fraud."[52]  "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."[53] Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."[54]

Arik's 31-page complaint contains more than enough detail for Meyers to defend himself against Arik's fraud-based claims.  The complaint includes specific factual allegations— including the who, what, when, where, and how, of specific false or misleading statements[55]— regarding  Meyers and Hienton's misleading description of the fees-and-costs agreement.  And assuming without deciding that Rule 9(b) applies to Arik's civil conspiracy claim, his complaint includes sufficient allegations to allow Meyers to defend against the charge that he conspired with Hienton to deprive Arik of the fees he was entitled to under their prior agreements.  So I deny Meyers's motion to dismiss for failure to plead fraud with particularity.

---

[52] Fed. R. Civ. P. 9(b).

[53] *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quotation omitted).

[54] *Id.* (quotation omitted).

[55] *See, e.g.*, ECF No. 1 at ¶ 145 ("In the same August 16, 2019 email, Defendant Meyers (in fraudulently attempting to convince Dr. Arik to sign off on the Confidential Fees and Costs Settlement) advised Dr. Arik, '[i]t goes without saying that I have an economic interest in this settlement . . . but it is basically the same as your economic interest . . . so I do not see us as being conflict [sic] on that ground.'").

**II.    Meyers's motion to compel arbitration [ECF No. 14]**

The Federal Arbitration Act (FAA) states that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy" arising out of the contract or transaction "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract."[56]  "By its terms, the [FAA] 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'"[57]  "The court's role under the [FAA] is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."[58]

Meyers, "as the party seeking to compel arbitration, has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence."[59]  Meyers points to Arik's allegation that he "recalls signing" the fees-and-costs agreement containing an arbitration clause as evidence that an arbitration agreement exists.[60]  But Arik's unverified allegation is not evidence.[61]  And standing against that allegation are (1) the unsigned fees-and-costs agreement that is in the record,[62] (2) the email from Meyers's secretary conceding that "[w]e never did

---

[56] 9 U.S.C. § 2.

[57] *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

[58] *Id.* at 1130.

[59] *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014).

[60] ECF Nos. 1 at 34; 13 at 18.

[61] *See Moran v. Selig*, 447 F.3d 749, 759 (9th Cir. 2006) ("[T]he complaint in this case cannot be considered as evidence at the summary judgment stage because it is unverified.").

[62] ECF No. 21-2 at 14.

receive the signed fee agreement from you[,]"[63] and (3) Arik's declaration that he did not sign the agreement.[64] Because Myers fails to show any evidence—much less a preponderance of evidence—that a valid agreement to arbitrate exists, I deny his motion to compel arbitration.

## III. Arik's motion for summary judgment [ECF No. 25]

Although neither party has conducted discovery in this case, Arik moves for partial summary judgment, seeking forfeiture of all attorneys' fees and disgorgement of any attorneys' fees in Meyers's possession. Meyers opposes summary judgment and requests relief under Federal Rule of Civil Procedure 56(d).

In *Hawkins v. Eighth Judicial District Court*, the Supreme Court of Nevada addressed under what circumstances "[a] lawyer's improper conduct can reduce or eliminate the fee that the lawyer may reasonably charge."[65] The Court looked to the Restatement (Third) of the Law Governing Lawyers for factors "analyzing 'whether violation of duty warrants fee forfeiture[,]'" namely: "(1) '[t]he extent of the misconduct,' (2) '[w]hether the breach involved knowing violation or conscious disloyalty to a client,' (3) whether forfeiture is 'proportionate to the seriousness of the offense,' and (4) '[t]he adequacy of other remedies.'"[66] "[F]or flagrant violations, forfeiture is justified even where no harm is proved, but for minor violations, merely reducing the fee may be warranted."[67]

---

[63] *Id.* at 19.

[64] ECF No. 21-1 at ¶ 35.

[65] *Hawkins v. Eighth Judicial Dist. Court in & for Cty. of Clark*, 407 P.3d 766, 770 (Nev. 2017) (alterations in original) (quoting Restatement (Third) of the Law Governing Lawyers § 37 cmt. a (2000)).

[66] *Id.* (alterations in original) (quoting Restatement (Third) of the Law Governing Lawyers § 37 cmt. d (2000)).

[67] *Id.* (citation omitted).

Rule 56(d) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence."[68]  The rule permits courts to "defer considering the motion [for summary judgment] or deny it; allow time to obtain affidavits or declarations or to take discovery; or issue any other appropriate order."[69]  To prevail on a Rule 56(d) request, the movant must show: "(1) [he] has set forth in affidavit form the specific facts [he] hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."[70]  A Rule 56(d) motion "may be denied where the movant has been dilatory, or where the movant seeks irrelevant, speculative, or cumulative information."[71]

In an affidavit, Meyers sets forth extant facts that he hopes to elicit from further discovery, including Arik's knowledge of the fees-and-costs agreement, at what point he received independent counsel, and "the facts and circumstances regarding the negotiation of the [agreement], including bargaining and consideration issues as well as the parties' understanding of the legal and factual considerations[.]"[72]  These facts are essential to oppose summary judgment because *Hawkins* established a fact-intensive inquiry that requires me to consider Meyers's intent and the extent of his breach of ethical obligations.  Meyers has not been dilatory

---

[68] *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).

[69] Fed. R. Civ. Pro. 56(d).

[70] *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

[71] *Slama v. City of Madera,* 2012 WL 1067198, *2 (E.D. Cal. March 28, 2012) (internal citations omitted); *see California Union Ins. Co. v. Am.*, 914 F.2d 1271, 1278 (9th Cir. 1990) (stating that, under former Rule 56(f), a district court may deny a request for further discovery if the movant has failed to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment).

[72] ECF No. 44-6 at 3–4.

because discovery has been stayed in this case pending resolution of the motion to compel arbitration.[73]  So Meyers is entitled to Rule 56(d) relief.  I exercise my discretion to deny Arik's motion for summary judgment rather than delay Meyers's response so the parties can brief all of the issues they wish to move for summary judgment on—and on a complete record—under the timeline provided in a scheduling order.

**Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Meyers's motion to dismiss **[ECF No. 13] is DENIED**.

**IT IS FURTHER ORDERED** that Meyers's motion to compel arbitration **[ECF No. 14] is DENIED**.

**IT IS FURTHER ORDERED** that Arik's motion for summary judgment **[ECF No. 25] is DENIED**.

Dated: July 24, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[73] ECF No. 38.